# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### December 12, 2000 Session

## STATE OF TENNESSEE v. TAMMY YVONNE KNIGHT

**Appeal from the Circuit Court for Montgomery County**
**No. 39819     Robert W. Wedemeyer, Judge**

---

### No. M1999-02540-CCA-R3-CD  - Filed March 1, 2001

---

The defendant pled guilty to four counts of obtaining prescription drugs by use of a forged prescription, and the trial court sentenced her to an effective sentence of fourteen years incarceration. The defendant contests the sentences imposed.  We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Carrie W. Kersh, Clarksville, Tennessee (on appeal) and Michael R. Jones, District Public Defender, and Charles S. Bloodworth, Assistant Public Defender (at trial), for the appellant, Tammy Yvonne Knight.

Paul G. Summers, Attorney General and Reporter; Marvin E. Clements, Jr., Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and C. Daniel Brollier, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, Tammy Yvonne Knight, appeals as of right from the sentences imposed by the trial court on four counts of obtaining prescription drugs by use of a forged prescription, Class D felonies.  The trial court sentenced her as a Range II, multiple offender to seven years incarceration on each count.  The court ordered counts one and two to run concurrently with each other, counts three and four to run concurrently with each other, but counts one and three to run consecutively. The effective fourteen-year sentence was to be served consecutively to a sentence which the defendant was serving from a prior case.  The defendant contends that the trial court erred (1) by imposing seven-year sentences and (2) by ordering consecutive sentences.

The defendant was the only witness to testify at the sentencing hearing.  She testified that she illegally obtained the drug Lortab 5/500 hydrocodone, a pain reliever to which she had been addicted

on and off since taking it in 1988 for migraine headaches. She said that she used the drugs but did not sell or distribute them. She stated that she successfully completed a substance abuse program while incarcerated and had applied for further treatment after her release.

Several character reference letters were introduced into evidence. The defendant's previous landlord wrote that the defendant had been a good tenant, and a correctional officer from the Tennessee Women's Penitentiary discussed the defendant's good behavior as an inmate. Other letters were provided by the defendant's previous co-workers, her vocational instructor at the penitentiary, and her substance abuse counselor at the penitentiary.

The defendant testified that her criminal conduct did not cause or threaten serious bodily injury to any person and that she did not use weapons or damage property. She also stated that she had been employed for ten years as a nurse's aid and that she could obtain future employment. She said that she was the primary provider of her eleven-year-old son before she was incarcerated.

The defendant admitted that she had eighteen misdemeanor and five felony convictions, including convictions for writing bad checks, driving under the influence, driving on a revoked license, possession of cocaine, possession of marijuana, evading arrest, breaking and entering, and forged prescriptions. The defendant admitted that she had been on probation or Community Corrections for most of the last twenty years and that she had violated probation four times and Community Corrections three times.

The trial court found three enhancement factors applicable – that the defendant had a previous history of criminal convictions in addition to those necessary to establish the appropriate range, that the defendant had a previous history of unwillingness to comply with the conditions of a sentence involving release in the community, and that the defendant committed the offenses while on Community Corrections. See Tenn. Code Ann. § 40-35-114(1), (8), (13). The trial court also found applicable the mitigating factors that the defendant's conduct neither threatened nor caused serious bodily injury and that the defendant was suffering from a mental or physical condition that reduced her culpability for the offenses. See Tenn. Code Ann. § 40-35-113(1), (8). The trial court further found several mitigating factors applicable under subsection (13), including that the offenses did not involve weapons or violence or cause damage to property, that the defendant had completed a substance abuse program, that the defendant had a child for whom she had been the primary provider, and that the defendant had no history of committing violent crimes.

The trial court found that the enhancement factors outweighed the mitigating factors, specifically commenting that the defendant's criminal record was horrendous, and imposed seven-year sentences on each count. The trial court determined that some consecutive sentencing was necessary because the defendant had an extensive record of criminal activity and committed the offenses while on probation. See Tenn. Code Ann. § 40-35-115(2), (6). The trial court also stated that consecutive sentences were necessary to protect the public from future misconduct by the defendant and that the sentences were reasonably related to the severity of the offenses. The court then ordered two counts to run consecutively, creating an effective sentence of fourteen years.

The defendant contends that the trial court erred in enhancing her sentences to seven years and by imposing consecutive sentences. The state asserts that the trial court properly sentenced the defendant. We agree with the state.

When a defendant appeals the length, range, or manner of service of a sentence imposed by the trial court, this court conducts a de novo review of the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that the sentence is improper is upon the appealing party. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. However, if the record shows that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the sentence is purely de novo. Ashby, 823 S.W.2d at 169.

The defendant was sentenced as a Range II, multiple offender, for which the applicable range for a Class D felony is four to eight years. Tenn. Code Ann. § 40-35-112(b)(4). The presumptive sentence for a Class D felony is the minimum in the range when no enhancement or mitigating factors are present. Tenn. Code Ann. § 40-35-210(c). Procedurally, the trial court is to increase the sentence within the range based upon the existence of enhancement factors and then reduce the sentence as appropriate for any mitigating factors. Tenn. Code Ann. § 40-35-210(e). The weight to be afforded an existing factor is left to the trial court's discretion so long as it complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record. Tenn. Code Ann. § 40-35-210, Sentencing Commission Comments; Ashby, 823 S.W.2d at 169.

In the present case, the record reveals that the trial court reviewed the presentence report and heard the defendant's testimony and arguments of counsel, considered all the relevant facts and circumstances, as well as sentencing principles, and complied with the appropriate procedures. Therefore, the presumption of correctness applies.

## I. LENGTH OF SENTENCES

The defendant does not contest the applicability of the three enhancement factors. Rather, she argues that the seven-year sentences are excessive because the trial court failed to consider her potential for rehabilitation, see Tenn. Code Ann. § 40-35-103(5), and because the sentences were not the least severe measures necessary to achieve the purposes for which they were imposed, see Tenn. Code Ann. § 40-35-103(4). She asserts that her potential for rehabilitation is great because she successfully completed a substance abuse program while incarcerated and she applied for an after-care program. However, the record reflects that she has an extensive criminal history, including several drug-related convictions, and she has repeatedly violated probation and Community Corrections. Thus, in context, the defendant's potential for rehabilitation is questionable. In any event, the record reflects that the trial court did consider the defendant's potential for rehabilitation because it deemed consecutive sentences necessary to prevent her future misconduct. In this respect, we cannot fault the trial court based upon the record before us.

The defendant also argues that because she completed a substance abuse program and had enrolled in an after-care program, a sentence of incarceration above the minimum was unnecessary to encourage effective rehabilitation and that, therefore, the seven-year sentences were not the least severe measures necessary to achieve the purposes for which they were imposed. However, the trial court specifically stated that it considered this sentencing principle but that, after weighing all the enhancement and mitigating factors and considering all of the sentencing principles, seven-year sentences were appropriate. We presume these sentences are correct, and the defendant has failed to demonstrate otherwise.

## II.  CONSECUTIVE SENTENCING

The defendant argues that the trial court erred by imposing consecutive sentences because the trial court failed to consider her potential for rehabilitation. She also asserts that the evidence preponderates against the trial court's finding that consecutive sentences were necessary to protect the public from her future misconduct, arguing that because she had been treated for her drug addiction, she would not commit crimes in the future. The defendant's extensive criminal history, primarily drug-related, supports the finding that the public needs protection from her future misconduct and that the fourteen-year sentence reasonably relates to the severity of her present drug-related offenses. As previously noted, the trial court did consider the defendant's potential for rehabilitation. We see no error in the trial court's imposing consecutive sentences.

Based upon the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
JOSEPH M. TIPTON, JUDGE